## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ALLEN BRUCE GOTTLIEB and**
**PHYLLIS JEAN GOTTLIEB,**

          **Plaintiffs,**

**v.**                          **Case No: 6:24-cv-888-PGB-EJK**

**COMMISSIONER OF**
**INTERNAL REVENUE**
**SERVICE,**

          **Defendant.**
_____/

## ORDER

    This cause comes before the Court upon Plaintiff Allen Bruce Gottlieb's ("**Mr. Gottlieb**") Response to Order to Show Cause. (Doc. 28 (the "**Response**")).

## I.    BACKGROUND

    Mr. Gottlieb and Plaintiff Phyliss Jean Gottlieb (collectively, "**Plaintiffs**") are *pro se* Plaintiffs in this matter. On September 3, 2024, this Court ordered Plaintiffs to show cause as to why the Complaint should not be dismissed for Plaintiffs' failure to effect proper service upon the named Defendant, Commissioner of Internal Revenue Service (the "**IRS**"), as required under Federal Rule of Civil Procedure 4(m). (Doc. 26 (the "**Order to Show Cause**")). Mr. Gottlieb responded to the Order to Show Cause on September 9, 2024. (Doc. 28). In the Response, Mr. Gottlieb stated he had sent the Cover Page, Summons,

Complaint, and all Exhibits to the Attorney General of the United States in Washington, D.C. by certified mail. (Doc. 28).

Further, there appears to be some confusion regarding the proper Defendant in this action. Although Plaintiffs' Complaint names Commissioner of the IRS as the Defendant, a Motion to Dismiss the Complaint was later filed by the United States of America. (Doc. 22). Following the filing of this Motion to Dismiss, the caption in Plaintiffs' filings changed to include the United States of America as the sole Defendant. (*See* Docs. 23, 25). Although the issue of the proper Defendant lies beyond the scope of this Order, the Court finds that Plaintiffs have not filed sufficient proof of service regardless of which party is the proper Defendant.

## II.   LEGAL STANDARD

Under Local Rule 1.10(a), "[w]ithin twenty-one days after service of a summons and complaint, a party must file proof of service." Rule 4(i)(2) governs how to serve an Agency of the United States or an Officer Sued in an Official Capacity, such as the Commissioner of the IRS:

> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must [i] serve the United States **and also** [ii] send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

FED. R. CIV. P. 4(i)(2) (emphasis added). Further, to serve the United States, Rule 4(i)(1) provides as follows:

> **(1)** ***United States.*** To serve the United States, a party must:
>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--**or**
>> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; **and**
>> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1) (emphasis added).

## III.   DISCUSSION

In his Response, Mr. Gottlieb represents that he sent a copy of the relevant documents by certified mail to the Attorney General of the United States in Washington, D.C. (Doc. 28). However, Mr. Gottlieb fails to provide *proof* of such service, such as a Green Card confirming receipt of these documents. (*See id.*). Consequently, Mr. Gottlieb's Response does not satisfy Local Rule 1.10(a)'s requirement that Plaintiffs file proof of service.

Additionally, Mr. Gottlieb's Response only indicates that Plaintiffs have satisfied *one* of Rule 4(i)'s requirements for service upon either the United States of America or an Agency or Officer thereof—namely, Rule 4(i)(1)(B). (Doc. 28). Consequently, Mr. Gottlieb has failed to demonstrate that Plaintiffs have met any of the additional requirements for service set forth in Rule 4(i). *See* FED. R. CIV. P. 4(i).

## IV.   CONCLUSION

As a result of the foregoing, on or before **October 4, 2024**, Plaintiffs are ordered to file proof that they have served process in the manner required by the Federal Rules of Civil Procedure.[1] *See* Local Rule 1.10(a); FED. R. CIV. P. 4(i), (m). However, the Court cautions Plaintiffs that their failure to comply with this Order will result in the dismissal of the case without prejudice for their failure to comply with Rule 4(m). *See* FED. R. CIV. P. 4(m).

**DONE AND ORDERED** in Orlando, Florida on September 13, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court notes that *pro se* litigants are "held to a less stringent standard" than attorneys. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Accordingly, to the extent that Plaintiffs require an extension of time to properly serve process under Rule 4(m), the Court finds good cause for such an extension, so long as the Court receives proof of service by the date provided herein. FED. R. CIV. P. 4(m).